**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

10/27/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTELLO

ACCEPTED
13-15-00106-cv
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/27/2015 10:41:44 AM
Dorian E. Ramirez
CLERK

# No.13-15-00106-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/27/2015 10:41:44 AM
DORIAN E. RAMIREZ
Clerk

## IN THE COURT OF APPEALS

## FOR THE THIRTEENTH JUDICIAL DISTRICT

## CORPUS CHRISTI/EDINBURG, TEXAS

---

## V. BELAFONTE FRIAR

## APPELLANT

## VS.

## CHRISTOPHER BLASCHKE, INDEPENDENT EXECUTOR OF THE ESTATE OF MARY ANNA MAJEFSKI WINKELMANN, DECEASED

## APPELLEE

---

### On appeal from the County Court of DeWitt County, Texas

### APPELLEE'S AMENDED BRIEF

---

MICHAEL A. JOHNSON, P.C.

By:  */s/ Michael A. Johnson*
MICHAEL A. JOHNSON
Texas Bar No. 10770700
P.O. Box 69
Victoria, TX  77902
Tel. (361) 579-6700
Fax. (361) 485-0465
***Attorney for Appellee***

i

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………….. i

INDEX OF AUTHORITIES…………………………….. ii

STATEMENT OF THE CASE……………………………. iii

ISSUE PRESENTED……………………………………. iii

STATEMENT OF FACTS………………………………. iv

SUMMARY OF TH ARGUMENT……………………….. vi

ARGUMENT………………………………………… 1

PRAYER………………………………………… 5

CERTIFICATE OF SERVICE………………………….. 6

CERTIFICATE OF COMPLIANCE…………………….. 6

APPENDIX…………………………………………. 7

i

# INDEX OF AUTHORITIES

*Cases*                                                      *Page* #

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93
(Tex. 2001)……………………………………..…………………….    3

*Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 729, 733
(Tex. App. – Houston [1st Dist.] 2006, pet Denied)……………….    1

## STATEMENT OF THE CASE

This is an appeal from a forcible detainer action awarding Appellee possession of certain real property in DeWitt County, Texas. The forcible detainer action was filed on January 6, 2015, in Justice Court, Precinct 1 of DeWitt County, Texas. Judgment was granted for Appellee. Appellant then appealed the judgment of the Justice Court in favor of Appellee and trial *de novo* was had in the County Court of DeWitt County on February 23, 2015. A Corrected Judgment was entered in favor of Appellee on February 25, 2015. It is from that Corrected Judgment that Appellant has appealed to this Court in this instant appeal.

## ISSUE PRESENTED

Whether, in this forcible detainer action, the County Court correctly awarded judgment for possession of the premises in question to Appellee or whether the court should have abated this suit. Appellant argues that there was pending at that time another suit involving the same parties and the same issues and thus this forcible detainer action should have been abated. However, Appellant is incorrect. There was no other suit still pending at the time Appellant's motion to abate was filed.

# STATEMENT OF FACTS

This is an appeal from a forcible detainer action brought by Appellee in Justice Court of DeWitt County, Texas, to recover possession of real property from Appellant that was awarded to Appellee in a proceeding ancillary to the probate of the Estate of Mary Anna Majefski Winkelmann. Because Appellant's claims in this forcible detainer appeal are based upon events that transpired in the ancillary proceeding, it is necessary to review the facts underlying both matters.

## a. The Underlying Ancillary Proceeding

On October 28, 2014, Judge John Hutchison, the statutory probate judge assigned to the ancillary matter (Cause No. 11347A; *Christopher Blaschke Independent Executor of the Estate of Mary Anna Majefski Winkelmann, Deceased vs. Belafonte Friar*; In the County Court of Law, DeWitt County, Texas) signed a partial summary judgment rescinding a deed fraudulently acquired by Appellant and returning the ownership of the real property in question to the Estate of Mary Anna Majefski Winkelmann. After trial on the remaining issues, a final judgment on those remaining claims was entered on December 2, 2014, awarding Appellee money damages against Appellant. Appellant attempted file an untimely motion for new trial on January 6, 2015. The untimely motion for new trial was

actually filed on January 12, 2015. He later filed his notice of appeal of that judgment on March 4, 2015, instituting appeal No. 13-15-00108-CV in this Court. That appeal was dismissed by this Court on April 9, 2015, and mandate was issued on September 21, 2015.

**b. This Forcible Detainer Action**

After obtaining the judgment awarding ownership of the property to the Estate of Mary Anna Majefski Winkelmann, Appellee filed this underlying forcible detainer action in Justice Court on January 6, 2015, more than thirty days after the final judgment was signed in the ancillary proceeding. On or about January 15, 2015, Appellant filed the motion to abate, the denial of which he complains in this matter. Thereafter, the Justice Court entered a judgment in Appellee's favor.

Appellant then appealed the judgment of the Justice Court in favor of Appellee and trial *de novo* was had in the County Court of DeWitt County on February 23, 2015. A Corrected Judgment was entered in favor of Appellee on February 25, 2015. It is from that Corrected Judgment that Appellant has appealed to this Court in this instant appeal. Appellee filed his Amended Motion to Dismiss this appeal, arguing that this Court's dismissal of Appellant's appeal from the ancillary proceeding and issuance

v

of mandate has rendered this instant appeal moot. That motion is still pending before this Honorable Court.

## SUMMARY OF THE ARGUMENT

Appellant's sole point of error is as follows:

POINT OF ERROR ONE

The trial court erred in awarding judgment of possession to the Appellees even though the trial court should have abated this lawsuit because a suit involving the same parties and issues was first filed in the county court and was still pending. The mere pendency of a suit in the same county court involving the same parties and issues was a reason to abate the later-filed state court suit, and the later-filed court should have granted the Appellant's motion to abate the forcible detainer when the subject matter of the suits is inherently interrelated.

*See* Appellant's Brief, p. ix.

Thus, Appellant's sole argument is that this forcible detainer action should have been abated because the ancillary proceeding (related to the true ownership of the real property) was still pending. This argument fails because the ancillary proceeding was not still pending when the forcible detainer action was filed.

The partial summary judgment awarding ownership of the property to Appellee was signed on October 28, 2014, and a final judgment on Appellee's remaining claims in that ancillary matter was signed on

December 2, 2014. Appellant did not file a motion for new trial within thirty days, so the judgment in the ancillary proceeding rescinding the deed fraudulently obtained by Appellant and declaring Appellee the owner of the property became final on January 1, 2015. Appellee instituted this forcible detainer action on January 6, 2015, a date after the judgment in the ancillary proceeding had become final.

# ARGUMENT

In this appeal, Appellant asserts only one point of error:

## POINT OF ERROR ONE

The trial court erred in awarding judgment of possession to the Appellees even though the trial court should have abated this lawsuit because a suit involving the same parties and issues was first filed in the county court and was still pending. The mere pendency of a suit in the same county court involving the same parties and issues was a reason to abate the later-filed state court suit, and the later-filed court should have granted the Appellant's motion to abate the forcible detainer when the subject matter of the suits is inherently interrelated.

*See* Appellant's Brief, p. ix.

Appellant's recitation of the rules and case law related to actions for forcible detainer is generally correct and Appellee will not regurgitate that recitation here. To prevail in a forcible detainer action, a plaintiff only has to present evidence to establish a superior right of possession; it does not have to even prove title to the property. *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 729, 733 (Tex. App. – Houston [1st Dist.] 2006, pet. Denied). Appellant makes no claim that Appellee failed to meet the requirements associated with bringing a forcible detainer action. Appellant's only complaint is that his motion to abate this forcible detainer action should have been granted because "a suit involving the same parties and issues was first filed in the county court and was still pending" and thus

1

Appellee could not establish a superior right of possession. Appellant's Brief, p.3.

Specifically, Appellant claims as follows:

> The same parties, however, were still in the DeWitt County Court under Cause No. 113457A when the forcible detainer action had been filed and was being heard by the same court but a different judge in that same dispute. That matter had not been finalized because it was on appeal from the County Court. . . . The County Court could not determine the greater right to possession in favor of Appellee when there was no final judgment awarding the property to the Appellee.

Appellant's Brief, p.4.

Appellant's argument fails for several reasons. The prior proceeding (which Appellee has referred to herein as the "ancillary proceeding") involved establishing the true ownership of the property. That ancillary proceeding was heard by a statutory probate judge, sitting by assignment. On October 28, 2014, a partial summary judgment was signed, rescinding the fraudulently-acquired deed and restoring title to the real property to Appellee. Because there were other claims for monetary damages still pending in that suit, the summary judgment was interlocutory in nature. The remaining claims were thereafter tried and a final judgment on those remaining claims was signed on December 2, 2014, awarding Appellee money damages against Appellant.

2

### a. **Ancillary Proceeding No Longer Pending When Forcible Detainer Filed**

If a judgment disposes of all claims and parties, it is a final judgment for purposes of filing an appeal. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). The judgment of December 2, 2014, disposed of all claims and parties and thus started the timetable for appeal. Thirty days after the date of the judgment was January 1, 2015. The deadline for Appellant to file either a motion for new trial or a notice of appeal was thus January 2, 2015 (because January 1, 2015, was a holiday). Appellant did not file either a motion for new trial or a notice of appeal within the thirty days following the judgment.[1]

Appellee filed this forcible detainer action on January 6, 2015, after the thirty day deadline in the ancillary proceeding had expired. The judgment in the ancillary proceeding was final and no longer appealable. The Justice Court reviewed the judgment, denied Appellant's motion to abate and properly determined that Appellee had the superior right to possess the property. Therefore, contrary to Appellant's assertions, all matters involving ownership of the property had been finally decided in the

---

[1] Ultimately, Appellant filed an untimely motion for new trial on January 12, 2015, and a notice of appeal on March 4, 2015. That appeal, No. 13-15-00108-CV in this Court of Appeals, was dismissed by this Court on April 9, 2015, after determining that the appeal had not been timely perfected, and mandate was issued on September 21, 2015.

3

ancillary proceeding and the Justice Court had jurisdiction over this forcible detainer action.

## b. **This Appeal Now Moot**

Even were this Court to determine that Appellant's motion to abate should have been granted by the Justice Court because Appellant attempted (albeit late) to perfect an appeal of the ancillary proceeding, the issue is now moot because this Court has dismissed the appeal of the ancillary proceeding.

On March 4, 2015, Appellant filed his notice of appeal from the ancillary proceeding, instituting appeal No. 13-15-00108-CV in this Court of Appeals. This Court of Appeals dismissed that appeal for want of jurisdiction on April 9, 2015. Appellant's motion for rehearing was denied on July 6, 2015, and mandate issued on September 21, 2015. As a result, there is no longer any legal issue as to the ownership of the property. It belongs to Appellee. Therefore, this appeal is now moot. A final judgment declaring Appellee to be the true owner of the property was signed on December 2, 2014. Appellee has been denied possession of that property since that time. Unquestionably, Appellee is entitled to possession of the property that is rightfully his and a writ of possession should issue in favor of Appellee.

## PRAYER

The foregoing conclusively establishes that, contrary to Appellant's claim, there was no prior litigation still pending affecting the ownership of the real property at the time this forcible detainer action was instituted and that the Justice Court and/or County Court did not err in denying Appellant's motion to abate. The Justice Court and the County Court correctly determined that Appellee had the superior right of possession. In the alternative, this appeal is now moot.

WHEREFORE, PREMISES CONSIDERED, Appellee prays that this Honorable Court of Appeals affirm the decision of the County Court, or alternatively, dismiss this appeal as moot.

Respectfully submitted,

MICHAEL A. JOHNSON, P.C.

By:    /s/ *Michael A. Johnson*
        MICHAEL A. JOHNSON
        Texas Bar No. 10770700
        P.O. Box 69
        Victoria, TX  77902
        Tel. (361) 579-6700
        Fax. (361) 485-0465
        ***Attorney for Appellee***

## CERTIFICATE OF SERVICE

I, MICHAEL A. JOHNSON, hereby certify that on October 27, 2015, a true and correct copy of the foregoing Appellee's Brief was served on the following counsel of record:

**Via Electronic Mail**
L. Mickele' Daniels
Arena Tower One, Suite 580
7322 Southwest Freeway
Houston, Texas 77074

*/s/ Michael A. Johnson*
**Michael A. Johnson**
**Attorney for Appellee**


## CERTIFICATE OF COMPLIANCE

I hereby certify that this Appellee's Brief is a computer generat4d document that is in compliance with the word limit of Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure. The number of words in this document is 2,154.

*/s/ Michael A. Johnson*
**Michael A. Johnson**
**Attorney for Appellee**

# APPENDIX

1. Partial Summary Judgment in Ancillary Proceeding

2. Final Judgment in Ancillary Proceeding

3. Motion for New Trial in Ancillary Proceeding

4. Notice of Appeal in Ancillary Proceeding

5. Mandate in Cause 13-15-00108-CV

# DOCUMENT 1


# PARTIAL SUMMARY JUDGMENT IN ANCILLARY PROCEEDING

No. 11347A

| | | |
|---|---|---|
| CHRISTOPHER BLASCHKE INDEPENDENT EXECUTOR OF THE ESTATE OF MARY ANNA MAJEFSKI WINKELMANN, DECEASED | § § § § § | IN THE COUNTY COURT |
| Plaintiff | § § | |
| v. | § § | OF |
| V. BELAFONTE FRIAR | § § § | |
| Defendant | § § | DeWITT COUNTY, TEXAS |

## PARTIAL SUMMARY JUDGMENT

CAME ON FOR HEARING, on October 7, 2014, Plaintiff's Motion for Partial Summary Judgment. Plaintiff appeared by and through his attorney of record. Defendant appeared by and through his attorney of record. The Court, having reviewed the pleadings and the motion, and having considered the arguments of counsel, is of the opinion that Plaintiff's Motion for Partial Summary Judgment should be GRANTED, and finds as follows:

1. On July 12, 2012, Mary Anna Majefski Winkelmann lacked the mental capacity necessary to execute the Warranty Deed conveying a house and 17.7 acres of land to Defendant; and

2. That Defendant breached fiduciary duties he owed to Mary Anna Majefski Winkelmann with regard to the real estate transaction of July 12, 2012 described above.

The Court ORDERS that the Warranty Deed executed by Mary Anna Majefski

Winkelmann on July 12, 2012, conveying the house and 17.7 acres of land to Defendant, recorded at page 90064 of the Official Records of DeWitt County, Texas, be RESCINDED and that the ownership of the real property made the subject of that deed be returned to the Estate of Mary Anna Majefski Winkelmann.

This judgment does not dispose of all claims and is not appealable.

Signed, this 28th day of October, 2014.

_____
JUDGE PRESIDING

Approved as to Form:

_____
Michael A. Johnson
Attorney for Plaintiff

_____
Tracie Tippen
Attorney for Defendant

2

# DOCUMENT 2

# FINAL JUDGMENT IN ANCILLARY PROCEEDING

## No. 11347A

| | | |
|---|---|---|
| CHRISTOPHER BLASCHKE INDEPENDENT EXECUTOR OF THE ESTATE OF MARY ANNA MAJEFSKI WINKELMANN, DECEASED | §<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT |
| Plaintiff | § | |
| v. | §<br>§ | OF |
| V. BELAFONTE FRIAR | §<br>§<br>§ | |
| Defendant | § | DeWITT COUNTY, TEXAS |

## FINAL JUDGMENT

On December 1, 2014, this case was called for trial. Plaintiff appeared by and through his attorney of record. Defendant, V. Belafonte Friar, did not appear.

All matters in controversy, legal and factual, were submitted to the Court for its determination. The Court heard the evidence and the argument of counsel and announced its decision for Plaintiff. This written judgment memorializes that rendition.

Therefore, the Court ORDERS that Plaintiff recover damages from Defendant in the sum of $188,574.24, along with punitive damages in the sum of $50,000.00, as well as postjudgment interest on that sum at the annual rate of 5%, and court costs.

The Court finds the following:

1. Defendant had notice of the setting for trial but did not attend.

2. The trial was conducted in Defendant's absence.

3. Plaintiff provided evidence proving liability, causation, and damages.

4.     Plaintiff provided evidence of Defendant's malice and intentional breach of his fiduciary duties, thereby entitling Plaintiff to punitive damages.

This judgment is final, disposes of all claims and parties, and is appealable. The Court orders execution to issue for this judgment.

Signed, this ___2___ day of ___December___, 2014.

_____
JUDGE PRESIDING

Approved as to Form:

_____
Michael A. Johnson
Attorney for Plaintiff

2

# DOCUMENT 3

# MOTION FOR NEW TRIAL IN ANCILLARY PROCEEDING

## CAUSE NO. 113457A

| | | |
|---|---|---|
| **CHRISTOPHER BLASCHKE,** | § | **IN THE COUNTY COURT** |
| **INDEPENDENT EXECUTOR OF THE** | § | |
| **ESTATE OF MARY ANNA MAJEFSKI** | § | **OF** |
| **WINDELMANN, DECEASED** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **V. BELAFONTE FRIAR** | § | **DEWITT COUNTY, TEXAS** |

## DEFENDANT'S MOTION FOR NEW TRIAL

Defendant asks the court to grant a new trial in the interest of justice and fairness.

### A. Introduction

1. Plaintiff is CHRISTOPHER BLASCHKE, INDEPENDENT EXECUTOR OF THE ESTATE OF MARY ANNA MAJEFSKI WINDELMANN, DECEASED; Defendant is V. BELAFONTE FRIAR.

2. Plaintiff sued defendant to rescind the granting of a warranty deed of 17.7 acres to Defendant.

### B. Facts

3. The court signed an Order for partial judgment for plaintiff on October 28, 2014. The Honorable Judge Hutchison also signed an Order closing the case and transferring the case back to Dewitt County on or about December 10, 2014.

4. Defendant attaches affidavits to this motion to establish facts not apparent from the record and incorporates them by reference.

### C. Argument & Authorities

5. The court should grant a new trial because it erred in granting the motion for summary judgment.

6. The court erred in granting Plaintiff's motion for summary judgment because there had not been adequate time for discovery. Tex. R. Civ. P. 166a(i).

7. The court erred in granting the motion for summary judgment because there is a disputed fact issue about whether the Decedent lacked the requisite mental capacity to transfer the property based on controverting affidavits which must be submitted to the jury. *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995).

8. The court erred in granting the motion for summary judgment because Plaintiff did not meet the burden of proving he was entitled to a summary judgment because he did not prove, as a matter of law, the elements of his cause of action. *City of Houston v. McDonald*, 946 S.W.2d 419, 420 (Tex. App.—Houston [14th Dist.] 1997, writ denied); *James v. Hitchcock ISD*, 742 S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1987, writ denied). Unless the movant meets its burden, the burden never shifts to the non-movant. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

9. The court erred in granting the motion for summary judgment because Plaintiff did not meet the burden of proving he was entitled to a summary judgment because Defendant raised a fact issue on the element of mental capacity. *Jones v. Texas Pac. Indem. Co.*, 853 S.W.2d 791, 795 (Tex. App.—Dallas 1993, no writ).

10. The court erred in granting Plaintiff's motion for summary judgment because Defendant provided summary judgment evidence which raised a fact issue on *the* mental capacity of the Plaintiff's cause of action. Tex. R. Civ. P. 166a(i).

11. For these reasons, and in the interest of justice and fairness, Defendant asks the court to grant a new trial to litigate the case.

2

Respectfully submitted,

**L. MICKELE' DANIELS & ASSOCIATES**


By: **/s/ L. Mickele' Daniels**

L. Mickele' Daniels
TBN: 05374900
Arena Place One, Suite 580
7322 Southwest Freeway
Houston, Texas 77074
Telephone: (713) 995-4681
Telecopier: (713) 995-4685
**ATTORNEYS FOR DEFENDANT
V. BELAFONTE FRIAR**


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served upon all counsel of record by facsimile and/or certified mail, addressed to all attorney of record in this cause on this **6TH** day of January, 2015.

**/s/ L. Mickele' Daniels**
L. Mickele' Daniels

3

# DOCUMENT 4


# NOTICE OF APPEAL IN ANCILLARY PROCEEDING

## CAUSE NO. 4524

| | | |
|---|---|---|
| CHRISTOPHER BLASCHKE, | § | IN THE COUNTY COURT OF |
| INDEPENDENT EXECUTOR | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | DEWITT COUNTY, TEXAS |
| | § | |
| V. BELAFONTE FRIAR | § | |
| DEFENDANT | § | |

## NOTICE OF APPEAL

Notice is hereby given that **V. BELAFONTE FRIAR, Defendant,** hereby appeals from the County Court of Dewitt County from the corrected judgment entered in this action on or about February 25, 2015, and the final judgment signed by the County Court of Dewitt County on or about February 23, 2015 in accordance with the Texas Rules of Civil Procedure.

Dated: **March 4, 2015.**

Respectfully submitted,

**L. MICKELE' DANIELS & ASSOCIATES**

By: /s/ _____
L. Mickele' Daniels
TBN: 05374900
Arena Tower One, Suite 580
7322 Southwest Freeway
Houston, Texas 77074
Telephone: (713) 995-4681
Telecopier: (713) 995-4685
Seminole85@peoplepc.com
**ATTORNEY FOR DEFENDANT**
**V. BELAFONTE FRIAR**

**Filed for Record**
This, the 4th day of Mar 2015
at 3:45 o'clock P M

NATALIE CARSON, COUNTY CLERK OF
DeWitt County, Texas
_____
DEPUTY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this notice of appeal has been sent via certified mail, return receipt requested to all interested parties by the undersigned attorney of record in this matter in the __4th__ day of March, 2015.

/s/

L. Mickele' Daniels

# DOCUMENT 5

## MANDATE IN CAUSE NO. 13-15-00108-CV

FILE COPY

# M A N D A T E

TO THE COUNTY COURT of DEWITT COUNTY, GREETINGS:

Before our Court of Appeals for the Thirteenth District of Texas, on the 9th day of April, 2015, the cause upon appeal to revise or reverse your judgment between

V. Belafonte Friar,                                                              Appellant,

v.

Christopher Blaschke, Independent
Executor of the Estate of Mary Anna
Majefski Windelmann, Deceased,                                    Appellee.

CAUSE NO. 13-15-00108-CV                                      (Tr.Ct.No. 11347A)

was determined; and therein our said Court made its order in these words:

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes the appeal should be dismissed for want of jurisdiction. The Court orders the appeal DISMISSED FOR WANT OF JURISDICTION in accordance with its opinion. Costs of the appeal are adjudged against appellant.

We further order this decision certified below for observance.

★ ★ ★ ★ ★ ★ ★

WHEREFORE, WE COMMAND YOU to observe the order of our said Court of Appeals for the Thirteenth District of Texas, in this behalf, and in all things have it duly recognized, obeyed and executed.

WITNESS, the Hon. Rogelio Valdez, Chief Justice of our Court of Appeals, with the seal thereof affixed, at the City of Edinburg, Texas this 21st day of September, 2015.

Dorian E. Ramirez, CLERK